# UNITED STATES DISTRICT COURT
# FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD SHIPE, :
:
      Petitioner :
:
v. : CIVIL NO. 4: CV-04-2021
:
CHARLES ERICKSON, ET AL., : (Judge McClure)
:
      Respondents :

## **MEMORANDUM AND ORDER**

October 14, 2005

**Background**

    Richard Shipe, an inmate presently confined at the Retreat State Correctional Institution, Hunlock Creek, Pennsylvania, filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was previously granted leave to proceed in forma pauperis and service of the petition was ordered.

    Shipe states that he pled guilty to charges of robbery, burglary (4 counts), and unauthorized use of a motor vehicle in the Northumberland County Court of Common Pleas. He was sentenced to a ten (10) to thirty-five (35) year term of incarceration on December 29, 1997.

His present petition claims entitlement to federal habeas corpus relief on the grounds that: (1) his trial counsel provided ineffective assistance by not filing a direct appeal; (2) the Northumberland County Clerk of Court denied him access to the courts by rejecting his <u>pro</u> <u>se</u> Post Conviction Relief Act (PCRA) petition; and (3) trial counsel was ineffective for not filing a motion to withdraw his guilty plea. The Respondents argue that Shipe's petition is barred by the applicable statute of limitations.

**Discussion**

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) amended the federal habeas statute by imposing a statute of limitations on prisoners requesting habeas corpus relief pursuant to 28 U.S.C. § 2254. Specifically, 28 U.S.C. § 2244(d)(1)-(2) provides, in relevant part, as follows:

> (d)(1) A one-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. <u>The limitation period shall run from the latest of - (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review</u> . . .
> (d)(2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

(emphasis added); see generally, Jones v. Morton, 195 F.3d. 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), the period of time for filing a habeas corpus petition begins to run when the direct appeal is concluded. See Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000)("[T]he AEDPA provides that upon conclusion of direct review of a judgment of conviction, the one year period within which to file a federal habeas corpus petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are pending in any state court.")(emphasis in original).

However, a one year grace period existed for applicants whose convictions became final before the April 23, 1996 effective date of the AEDPA. See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998). Shipe was convicted and sentenced on December 29, 1997, well after the effective date of the AEDPA. Petitioner acknowledges that a direct appeal was not filed. According to the Respondents, Shipe was required to seek federal habeas corpus relief on or before December 29, 1998.

However, Respondents' computation failed to consider the period during which Shipe could have filed a timely direct appeal. The Petitioner's conviction became final on direct review on January 29, 1998 after he failed to initiate a direct appeal. Accordingly, Shipe had until January 29, 1999 in which to seek federal habeas corpus relief.

3

As indicated above, § 2244(d)(2) operates to exclude only the time within which a "properly filed application" for post conviction relief is pending in state court. Thus, when a petition or appeal has concluded and is no longer pending, the one (1) year statute of limitations starts to run and the time is counted. A "properly filed application" for post conviction relief under § 2244(d)(2) is one submitted according to the state's procedural requirements, such as rules governing time and place of filing. Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek discretionary state court review, whether or not such review is sought. Swartz v. Meyers, 204 F.3d 417 (3d Cir. 2000). "Pending," however, does not include the period during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition. Stokes v. District Attorney of the County of Philadelphia, No. 99-1493, 2001 WL 387516, at *2 (3d Cir., April 17, 2001). Likewise, the statute of limitations is not tolled under § 2244(d)(2) for the time during which a habeas petition is pending in federal court. Jones, 195 F.3d at 158.

In Nara v. Frank, 264 F.3d 310, 316 (3d Cir. 2001), the Third Circuit recognized that a motion to withdraw a guilty plea nunc pro tunc "was a 'properly filed application for state post-conviction or other collateral review' within the

4

meaning of § 2244(d)(2)." However, a subsequent ruling by the Third Circuit held that an untimely PCRA petition was not a properly filed action for purposes of the AEDPA and therefore did not toll the statute of limitation for the filing of a federal habeas petition. Merritt v. Blaine, 326 F.3d 157 (3d Cir. 2003).

Recently, in Schleueter v. Varner, 2004 WL 2035180 (3d Cir. Sept. 14, 2004), the Third Circuit established that a state court ruling dismissing a PCRA petition as untimely was controlling for purposes of a determination under Merritt. The Court of Appeals added that tolling was not permissible "merely because petitioner unsuccessfully has sought the right to appeal *nunc pro tunc* years after his unexercised right to file a timely direct appeal has expired." Id. at p. 6.

In the present case, Petitioner states that he attempted to file a *nunc pro tunc* PCRA petition. See Record document no. 1, ¶ IV(B). However, his petition was purportedly rejected by the Northumberland County Clerk of Court. The Respondents maintain that Shipe tried to file a *nunc pro tunc* appeal to the Pennsylvania Supreme Court. See Record document no. 10, ¶ 11(a)(3).

Under the standards announced in Merritt and Schleueter, it is the conclusion of this Court that Shipe is not entitled to statutory tolling for the period that his *nunc pro tunc* submission was pending in state court. Since Shipe's pending § 2254 petition was not filed until September, 2004 it was still initiated well beyond the one

5

year limitations period established by § 2244.

However, the AEDPA's "one-year filing requirement is a statute of limitations, not a jurisdictional rule, and thus a habeas petition should not be dismissed as untimely filed if the petitioner can establish an equitable basis for tolling the limitations period." Jones, 195 F.3d at 159, citing Miller v. New Jersey State Department of Corrections, 145 F.3d 616 (3d Cir. 1998). The Jones court held that "extraordinary" and "rare" circumstances are required for the granting of equitable tolling.[1] "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances for equitable tolling." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001).[2]

With respect to the doctrine of equitable tolling, it is noted that there is no evidence that the Commonwealth actively misled the Petitioner. Second, although Petitioner claims that his trial counsel failed to file a direct appeal in 1997-98, that alleged failure does not explain his subsequent delay of more than five (5) years in

---

[1] Equitable tolling may be appropriate "if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." Jones, 195 F.3d at 159.

[2] This position is also supported by the unambiguous statutory language of 28 U.S.C. § 2254(i) which precludes habeas relief for ineffective or incompetence of collateral counsel.

seeking federal habeas relief.  It is additionally noted that a letter attached to Shipe's reply memorandum indicates that he was made aware in March, 1998, that his trial counsel would not be taking any further action on his behalf.  See  Record document no. 11, Exhibit A.

A review of the record also establishes that this is not a situation involving recently discovered claims.  On the contrary, Petitioner has been aware of the substance of his present claims since 1998 and as noted above, there was clearly a prolonged period of inactivity from 1998 to 2004 during which Shipe made no attempt to seek federal habeas corpus relief.

Furthermore, in Johnson v. Hendricks, 314 F. 3d 159 (3d Cir. 2002), the Third Circuit held that attorney error was not a sufficient basis for equitable tolling. Likewise, it has been established that the principles of equitable tolling do not extend to claims of excusable neglect.  Irwin, Dept. Of Veterans' Affairs, 498 U.S. 89, 96 (1990).  Thus, Petitioner cannot obtain tolling based on trial counsel's failure to file a direct appeal.  In light of Shipe's prolonged period of inaction, the facts of this case do not constitute the extraordinary circumstances required for equitable tolling. While this Court is sympathetic to the plight of pro se litigants, under the standards set forth in Miller and Jones, the present petition simply does not allege the type of

7

extraordinary circumstances which would warrant equitable tolling.[3]   Thus, Petitioner's request for federal habeas corpus relief will be dismissed pursuant to 28 U.S.C. § 2244(d)(1)(A).  Consequently,

**IT HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus is dismissed as untimely pursuant to 28 U.S.C. § 2244(d)(1)(A).

2. The Clerk of Court is directed to close the case.

3. Based on the Court's conclusion herein, there is no basis for the issuance of a certificate of appealability.

   s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge

---

3.  To the extent that Shipe believes that there are circumstances existing that would warrant tolling of the limitations period, or that he can allege facts showing that his present habeas corpus petition was timely filed, he may seek reconsideration of this decision.  Any motion for reconsideration must be filed within ten (10) days of this decision.