UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD SHIPE,                      :
                                    :
          Petitioner                :
                                    :
     v.                             : CIVIL NO. 4: CV-04-2021
                                    :
CHARLES ERICKSON, ET AL.,           : (Judge McClure)
                                    :
          Respondents               :

## **ORDER**

May 3, 2006

## **Background**

Richard Shipe, an inmate presently confined at the Retreat State Correctional Institution, Hunlock Creek, Pennsylvania, filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Shipe pled guilty to charges of robbery, burglary (4 counts), and unauthorized use of a motor vehicle in the Northumberland County Court of Common Pleas. On December 29, 1997, he was sentenced to a ten (10) to thirty-five (35) year term of incarceration.

Petitioner argued that he was entitled to federal habeas corpus relief on the grounds that: (1) his trial counsel provided ineffective assistance by not filing a direct

1

appeal; (2) the Northumberland County Clerk of Court denied him access to the courts by rejecting his pro se Post Conviction Relief Act (PCRA) petition; and (3) trial counsel was ineffective for not filing a motion to withdraw his guilty plea.

By Memorandum and Order dated October 14, 2005, Shipe's petition was dismissed as untimely pursuant to 28 U.S.C. § 2244(d)(1)(A). Presently pending is the Petitioner's motion seeking reconsideration. See Record document no. 13. For the reasons outlined below, Shipe's motion will be denied.

**Discussion**

A motion for reconsideration is a device of limited utility. It may be used only to seek remediation of manifest errors of law or fact or to present newly discovered precedent or evidence which, if discovered previously, might have affected the court's decision. Harsco Corp. v. Zlotnicki, 779 F.2d 906 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986).

It has also been held that a motion for reconsideration is appropriate in instances such as where the court has " . . . misunderstood a party, or has made a decision outside the adversarial issues presented to the court by parties, or has made an error not of reasoning, but of apprehension." See Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on

reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).  "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly."  Continental Casualty Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

As noted earlier, Shipe's petition was dismissed as untimely, specifically, that it was not filed within the one year period authorized by 28 U.S.C. § 2244(d)(1)-(2).  In reaching that determination, this Court concluded that Petitioner was required to seek federal habeas corpus relief on or before January 29, 1999.  It was additionally noted that under the standards announced in Merritt v. Blaine, 326 F.3d 157 (3d Cir. 2003) and Schleueter v. Varner, 2004 WL 2035180 (3d Cir. Sept. 14, 2004), Shipe was not entitled to statutory tolling for the period that any *nunc pro tunc* submission was pending in state court.  Furthermore, this Court added that the facts of this case did not constitute the extraordinary circumstances required for equitable tolling.

In his pending motion for reconsideration, Shipe reasserts arguments previously presented to this Court.   Petitioner's pending submissions do not present any new facts or arguments which would undermine this Court's prior determination.  It remains the conclusion of this Court that Shipe's petition was untimely filed and he has failed to establish any basis for equitable tolling of the controlling statute of limitations.

3

Consequently,

**IT IS HEREBY ORDERED THAT:**

>Petitioner's motion seeking reconsideration  (Record document no. 13)  is DENIED.

>   s/ James F.  McClure, Jr.
>JAMES F. McCLURE, JR.
>United States District Judge